UNITED STATES OF AMERICA,

                **Plaintiff,**                Civil Action No.: CV-98-7311

      -against-

BARBARA A. CALLAHAN
A/k/a BARBARA CALLAHAN,

                **Defendant,**
      -and-

BERTUCCI'S BRICK OVEN PIZZERIA,

                **Garnishee.**



## GARNISHEE ORDER

Whereas the Plaintiff by the Declaration of Douglas M. Fisher, Esq. dated May 24, 2005, on file herein, claims that said Defendant is indebted in the amount of $17,462.81 with interest from March 11, 1999 at the post-judgment interest rate of 4.918% compounded annually. A Writ of Garnishment, directed to Garnishee, has been duly issued and served upon the Garnishee. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer, stating that at the time of service of the Writ, he had in his possession or under his control personal property belonging to and due Defendant, and that Garnishee was indebted to Defendant, in the sum of approximately $297.69 bi-weekly as a result of the Garnishees' employment of Defendant.

The Defendant, was notified of his/her right to a hearing and has not requested a hearing to determine exempt property.

IT IS ORDERED that Garnishee pay to Plaintiff ten percent (10%) of the Defendant's disposable non-exempt earnings, presently in the sum of approximately $29.77 bi-weekly making payments of said monies as directed by the Plaintiff, to pay to the Plaintiff any and all monies already withheld by Garnishee as required, and to continue said payments until the Defendant's debt to the Plaintiff is paid in full or until the Garnishee no longer has custody, possession or

SO ORDERED,

Dated: Brooklyn, New York
Nov. 7, 2005

_____
Honorable
United States District Court Judge

May 24, 2005

Allyne R Ross
United States District Court
Eastern District of New York
US Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v Callahan
98CV07311

Dear Judge Ross:

I am writing in regard to the above matters and a call from your chambers requesting updated balances due to the age of the papers pending before the Court and that we elaborate on the 10% disposable income request used in the wage requests on files maintained by the United States. An updated print out of the balance is annexed to this letter.

With an exception not applicable here, the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. §§ 3001-3308, "provides the <u>exclusive</u> civil procedures for the United States . . . to recover a judgment on a debt." 28 U.S.C. § 3001(a) (1) (emphasis added). Among other post-judgment remedies, the FDCPA permits a court to issue -

> a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

28 U.S.C. § 3205(a).




When served with a writ of garnishment, the garnishee must file an answer, setting forth certain required information. 28 U.S.C. § 3205 (c) (4). We send a copy of that reply to the Court with our requests for an Order for Garnishment. The reply details the gross income and deductions.

The FDCPA defines "disposable earnings" as "that part of earnings remaining after all deductions required by law have been withheld [.]" 28 U.S.C § 3002 (5), and "nonexempt disposable earnings" as "25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act ["CCPA"]." 28 U.S.C. § 3002 (9). Section 303 of the CCPA, 15 U.S.C. § 1673, provides that the maximum amount of weekly disposable earnings subject to garnishment may not exceed the lesser of 25% of weekly disposable earnings or the amount by which weekly disposable earnings exceed 30 times the minimum hourly wage found in 29 U.S.C. § 206 (a) (1). The minimum wage is currently $5.15, therefore 30 times minimum wage is $154.50.

A number of District Court decisions in the Eastern District of New York and elsewhere have determined that the garnishment is limited to 10% based on a section of law dealing with administrative remedies. Although the Department of Justice may disagree because it is not enforcing an administrative remedy, we have reduced the request in our Orders for Garnishment to 10% based on these decisions.

The garnishee Order and request in this case inadvertently asked for a percent of the gross income. An amended Order is sent with this letter based on the answer of the garnishee.

If you have any questions please contact me any time. My direct extension at the firm is 274. My direct e mail at the firm is dfisher@solomonpc.com.

Very truly yours,

Douglas M. Fisher

| | |
|---|---|
| UNITED STATES OF AMERICA, | EX PARTE |
| Plaintiff, | NOTICE OF MOTION |
| -against- | Civil Action No.: CV-98-7311 |
| BARBARA A. CALLAHAN a/k/a BARBARA CALLAHAN, | Hon. Allyne R. Ross |
| Defendant, | |
| -and- | |
| BERTUCCI'S BRICK OVEN PIZZERIA, | |
| Garnishee. | |

PLEASE TAKE NOTICE, that upon the annexed Declaration of Douglas M. Fisher, dated May 24, 2005 and upon the papers and proceedings heretofore had and filed herein, a motion will be made at the United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, for an Order directing Garnishee pay to Plaintiff ten percent (10%) of the Defendant's disposable non-exempt earnings.

Dated: Albany, New York
May 24, 2005

Douglas M. Fisher (DF3129)
Solomon and Solomon, P.C.
Attorneys for Plaintiff
Office and P.O. Address
Columbia Circle, Box 15019
Albany, New York 12212-5019
Ph. (518) 456-7200

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

UNITED STATES OF AMERICA,

        **Plaintiff,**

-against-

BARBARA A. CALLAHAN a/k/a BARBARA CALLAHAN,

        **Defendant,**

-and-

BERTUCCI'S BRICK OVEN PIZZERIA,

        **Garnishee.**

DECLARATION FOR ORDER OF GARNISHMENT

Civil Action No.: CV-98-7311

---

DOUGLAS M. FISHER, hereby declares as follows:

1. I am an attorney, duly admitted to practice before the U.S. District Court for the Eastern District of New York and I am associated with Solomon and Solomon, P.C., attorneys for Plaintiff, United States of America.

2. This action was commenced to recover a debt due and owing to Plaintiff, United States of America, in the amount of $17,462.81 with interest from March 11, 1999 at the post-judgment interest rate of 4.918% compounded annually. Defendant has been personally served with the Writ of Garnishment herein as appears from the returns of service heretofore filed with the Clerk of this Court.

3. The time within which the Defendant, may request a hearing or file a claim for exemption with respect to the Writ of Garnishment herein has expired; said Defendant has not requested a hearing or filed a claim for exemption with respect to the Writ of Garnishment and the time for the Defendant to do so has not been extended.

4. Said Defendant, is not an infant nor incompetent. Defendant is not presently in the military service of the United States as appears from facts in a credit report prepared for this litigation.

6. Defendant is currently employed by Bertucci's Brick Oven Pizzeria with average net earnings of approximately $297.69 bi-weekly (as more fully appears by the Answer of the Garnishee attached hereto as Exhibit "A"). Therefore, Plaintiff seeks an Order of Garnishment in the present amount of $29.77 bi-weekly or ten percent (10.0%) to be paid bi-weekly.

WHEREFORE, Plaintiff, United States of America, requests that the garnishment of wages/account of Defendant be noted and that Order of Garnishment be entered in favor of Plaintiff and against the Defendant in the amount stated herein.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due and owing to Plaintiff, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or incurred in this action.

Dated: Albany, New York
May 24, 2005

Douglas M. Fisher (DF3129)
Solomon and Solomon, P.C.
Attorneys for Plaintiff
Office and P.O. Address
Columbia Circle, Box 15019
Albany, New York 12212-5019
Ph. (518) 456-7200

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br>     v.<br>Barbara A. Callahan<br>a/k/a Barbara Callahan<br>     Defendant(s),<br>     and<br>Bertucci's Brick Oven Pizzeria<br>     Garnishee | ) CIVIL ACTION NO. CV98-7311<br>)<br>)<br>)<br>)<br>) HON. Allyne R. Ross<br>)<br>)<br>) |

## ANSWER OF THE GARNISHEE

Rosemarie E. Troie , BEING DULY SWORN DEPOSES AND SAYS:
   (Affiant)

IF GARNISHEE IS AN INDIVIDUAL:

   That he/she is Garnishee herein doing business in the name of

   (State full name and address of business)

IF GARNISHEE IS A PARTNERSHIP:

   That he/she is a member _____ of a partnership composed of which Garnishee is a partner.

IF GARNISHEE IS A CORPORATION:

   That he/she is the (State Official Title) Payroll Manager of Garnishee, Bertucci's Rest Corp a corporation, organized under the laws of the State of Massachusetts.

On May 2, 2005, Garnishee was served with the Writ of Continuing Garnishment. For the pay period in effect on the date of service (shown above)

2. Pay period is ____ weekly, _✓_ bi-weekly
____ semi-monthly, ____ monthly.

Enter date present pay period began. 4/21/05

(Present means the pay period in which this order and notice of garnishment were served)

Enter date above pay period ends. 5/4/05

3. Enter amount of net wages. Calculate below: from check

(a) Gross Pay                  $ 337.11      date 4/28/05
(b) Federal income tax           11.21
(c) F.I.C.A. income tax          25.79
(d) State income tax              2.42
Total of tax withholdings      $ 39.42
Net Wages                      $ 297.69
(a less total of b,c,d)

_✓_ 4. Have there been previous garnishments in effect. If the answer is yes, describe below.

_____
_____
_____

5. The Garnishee has custody, control or possession of the following property and/or funds (non-earnings), in which the Debtor maintains an interest, as described below:

| 1. | | | |
|---|---|---|---|
| 2. | | | |
| 3. | | | |
| 4. | | | |

Garnishee anticipates owing to the judgment-debtor in the future, the following amounts:

| | Amount | Estimate date or Period Due |
|---|---|---|
| 1. | $_____ | _____ |
| 2. | $_____ | _____ |
| 3. | $_____ | _____ |
| 4. | $_____ | _____ |

(Check the applicable line below if you **deny** that you hold property subject to this order of garnishment.)

_____ The Garnishee makes the following claim of exemption on the part of Defendant:

_____ Or has the following objections, defenses, or set-offs to Plaintiff's right to apply Garnishee's indebtedness to Defendant upon Plaintiff's claim:

_____ The Garnishee was then in no manner and upon no account indebted or under liability to the Defendant, Barbara A. Callahan, a/k/a Barbara Callahan, and that the Garnishee did not have in his/her possession or control any property belonging to the Defendant, or in which the Garnishee has

The Garnishee mailed a copy of this answer by first-class mail to (1) the Debtor, Barbara A. Callahan, a/k/a Barbara Callahan, 3580 Park Ave., Wantagh, NY 11793-3704, and (2) the attorneys for the United States, Solomon and Solomon, P.C., Five Columbia Circle, Box 15019, Albany, NY 12212-5019.

_____
Garnishee

Subscribed and sworn to before me this
_____ day of _____ 200__.

_____
Notary Public

My Commission expires: _____

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.